UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARTHUR JONES,

                      Plaintiff,                                 **COMPLAINT**

      -against-

WOODSIDE AUTO PARTS, LLC and
DAVID MYONES,                                     **JURY TRIAL DEMANDED**

                      Defendants.
-------------------------------------------------------------------X

      Plaintiff Arthur Jones ("Plaintiff" or "Jones"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Woodside Auto Parts, LLC ("Woodside Auto Parts") and David Myones (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

      1.     Throughout his employment as a delivery driver and dispatcher for Woodside Auto Parts, Jones regularly worked over forty hours per workweek. Defendants paid Jones on a weekly salary basis that failed to compensate Jones with overtime pay at a rate of one and one-half (1 ½) times his regular wage rate for hours worked over forty per workweek. At points during his employment, Jones's regular wage rate fell below the statutory minimum wage rate for employers in Queens. Defendants also failed to provide Jones with a wage notice at his time of hire and with accurate wage statements with each payment of wages.

      2.     Jones brings this action to recover his unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Woodside Auto Parts is located and operated by Defendants in the Eastern District of New York and the acts and omissions giving rise to Plaintiff's claims occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiff Arthur Jones**

5. Jones resides in Queens County, New York.

6. Jones worked for Defendants as a delivery driver and dispatcher from approximately August 2016 through mid-February 2022.

**Defendant Woodside Auto Parts, LLC**

7. Defendant Woodside Auto Parts, LLC is a New York limited liability company that owns, operates, and does business as Woodside Auto Parts, an auto parts business located at 37-42 58th Street, Queens, New York 11377.

8. Woodside Auto Parts is an "enterprise engaged in commerce" within the meaning of the FLSA.

9. Woodside Auto Parts has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. In the three years preceding the filing of this Complaint, Woodside Auto Parts has had an annual gross volume of sales in excess of $500,000.

**Defendant David Myones**

11. Defendant David Myones ("Myones") is an owner and principal of Woodside Auto Parts.

12. As an owner and principal of Woodside Auto Parts, Myones held power and authority over personnel decisions at Woodside Auto Parts, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

13. Throughout Jones's employment, Myones oversaw the day-to-day operations of Woodside Auto Parts and was regularly present at the business.

14. Throughout Jones's employment, Myones supervised the work performed by Woodside Auto Parts employees, including Jones.

15. Myones hired Jones.

16. Myones set Jones's work schedule and determined his wage rates.

17. Myones distributed Jones's wages on a weekly basis.

18. Myones exercised sufficient control over Woodside Auto Part's operations and Jones's employment to be considered Jones's employer under the FLSA and the NYLL.

**FACTUAL ALLEGATIONS**

19. Jones worked as a delivery driver and dispatcher for Woodside Auto Parts.

20. Throughout his employment, Jones regularly worked: (1) ten-hour shifts, from 8:00 a.m. to 6:00 p.m., five days per week (Monday through Friday); and (2) a seven-hour shift, from 8:00 a.m. to 3:00 p.m., on Saturdays, totaling approximately fifty-seven hours per workweek.

3

21. Jones did not work for approximately two months from mid-March through mid-May 2020 when Woodside Auto Parts was closed due to the Covid-19 pandemic, and for approximately two weeks in September 2021 when Jones had a back injury.

22. Throughout his employment, Defendants paid Jones a weekly salary of $550.

23. From approximately August 2016 through April 2019, Defendants paid Jones's weekly salary in cash.

24. From approximately May 2019 through the end of Jones's employment, Defendants paid Jones's weekly salary partially by check and partially in cash.

25. Defendants did not provide Jones with a wage notice at his time of hire.

26. Throughout his employment, Defendants paid Jones's wages without providing accompanying wage statements accurately reflecting, *inter alia*, his hours worked and hourly rates paid.

## FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)

27. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

28. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

29. Plaintiff's regular hourly wage rate, calculated by diving his weekly salary by his total hours worked per workweek, fell below the statutory minimum wage rate for employers in Queens established by the NYLL and supporting regulations.

30. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL.

31. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wage rate for hours worked up to forty per workweek.

32. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

33. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

34. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

35. Defendants were required to pay Plaintiff overtimes wages at a rate of one and one-half (1 ½) times his regular hourly rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

36. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

37. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

38. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

39. Defendants' unlawful policies and practices with respect to the payment of minimum and overtime wages were previously the subject of a lawsuit in the matter captioned *Monroy v. Woodside Auto Parts, LLC et al.*, No. 19 Civ. 5793 (MMH).

40. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## THIRD CLAIM
### (NYLL – Unpaid Overtime Wages)

41. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

42. Under the NYLL and supporting NYDOL regulations, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular hourly wage rate, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

43. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

44. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

45. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FOURTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

46. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

47. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

48. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring or whenever his rate(s) of pay changed with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

49. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

## FIFTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Statements)

50. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

51. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

52. Defendants failed to furnish Plaintiff, with each payment of wages, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

53. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

7

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants violated the minimum wage provisions of the NYLL and supporting regulations;

b. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

c. declaring that Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

d. declaring that Defendants' violations of the FLSA and the NYLL were willful;

e. enjoining future violations of the FLSA and NYLL by Defendants;

f. awarding Plaintiff damages for unpaid minimum and overtime wages;

g. awarding Plaintiff liquidated damages;

h. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with a wage notice and accurate wage statements as required by the NYLL's WTPA;

i. awarding Plaintiff pre-judgment and post-judgment interest under the NYLL;

j. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

k. awarding such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      October 18, 2022

                                        PECHMAN LAW GROUP PLLC

                          By:    */s/ Louis Pechman*
                                  Louis Pechman
                                  Galen C. Baynes
                                  488 Madison Avenue - 17th Floor
                                  New York, New York 10022
                                  Tel.: (212) 583-9500
                                  pechman@pechmanlaw.com
                                  baynes@pechmanlaw.com
                                  *Attorneys for Plaintiff*